Filed 9/23/25  In re J.B. CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Placer)

----

|  |  |
|---|---|
| In re J.B., a Person Coming Under the Juvenile Court Law. | C102898 |
| PLACER COUNTY DEPARTMENT OF HEALTH AND HUMAN SERVICES,<br>        Plaintiff and Respondent,<br><br>        v.<br><br>J.T.,<br><br>        Objector and Appellant. | (Super. Ct. No. 53005496) |

Appellant J.T. represents himself on this appeal from the juvenile court's order denying his petition for modification of a prior no-contact order with the minor J.B. (Welf. & Inst. Code, §§ 300, 388.)[1]  Appellant's relationship to the minor is as follows: "[the minor's] father had lived with [appellant's] brother . . . when [the] brother was in a

---

[1] Undesignated statutory references are to the Welfare and Institutions Code.

1

relationship and living with [minor's grandmother]." Appellant has forfeited his claims, so we affirm.

BACKGROUND

In September 2023, the then 12-year-old minor was removed from the home of his father when his father was arrested. Appellant also lived in the home and was alleged to be in possession of child pornography at the time the minor was detained. A no contact order was issued due to concerns about sexual abuse, domestic violence, and substance abuse in the home, by both father and appellant. Appellant was originally identified as an " 'uncle' " but represents that he is not a blood relative of the minor and does not claim that he was ever made a party to the ensuing dependency proceedings.

In November 2024, appellant filed a section 388 petition in the underlying case seeking modification of the juvenile court's October 3, 2023 order prohibiting him from having contact with the minor. Appellant's petition sought new orders "affirming" he was the minor's "third (and presumed) parent . . . by affinity," vacating the no-contact order and permitting visitation with the minor, vacating the jurisdictional orders, and returning the minor to his care and custody. The court set the matter for a prima facie hearing.

On January 8, 2025, the juvenile court issued a tentative written order denying appellant's section 388 petition. The tentative order concluded that appellant's "documents" were not prima facie evidence of either changed circumstances or best interests of the minor. The order further stated that the "documents" presented did "not negate the Court's previously expressed concerns regarding the risks posed by domestic violence, substance abuse, and sexual abuse in the prior household dynamic." At the hearing on the petition, appellant confirmed having received and reviewed the court's order. He briefly objected "as far as the references and the evidence that was provided was in great detail." The court noted appellant's objection but affirmed the tentative order. Appellant timely appeals.

DISCUSSION

Appellant's opening brief raises many arguments challenging the juvenile court's denial of his section 388 petition and the juvenile court's jurisdictional orders. Respondent's arguments include that appellant's claims are forfeited and procedurally barred due to his failure to provide appropriate legal analysis and supporting citations and to develop cognizable legal claims. We agree appellant's claims are forfeited.

"The juvenile court's orders are 'presumed to be correct, and it is appellant's burden to affirmatively show error.' [Citations.] ' " 'Appellate briefs must provide argument and legal authority for the positions taken.' [Citation.] 'When an appellant fails to raise a point, or asserts it but fails to support it with reasoned argument and citations to authority, we treat the point as waived.' " ' [Citation.]" (*In re J.F.* (2019) 39 Cal.App.5th 70, 79.)

A self-represented litigant "is entitled to the same but no greater consideration than other litigants." (*County of Sacramento v. Singh* (2021) 65 Cal.App.5th 858, 861.) "Accordingly, he must follow the rules of appellate procedure. [Citations.] Those rules require an appellate brief to support each point by argument and, if possible, by citation to authority and to provide a citation to the record for a factual assertion. [Citation.] '[W]e may disregard factual contentions that are not supported by citations to the record [citation] or are based on information that is outside the record [citation]. We may disregard legal arguments that are not supported by citations to legal authority [citation] or are conclusory [citation].' [Citations.] Further, we may treat a point that is not supported by cogent legal argument as forfeited." (*Ibid.*; see Cal. Rules of Court, rules 8.204(a)(1)(B), (C) and 8.412(a)(2).)

Appellant's opening brief does not follow these rules. The "statement of the case" is a narrative that includes arguments and that also includes recitations either not in the record or not supported with accurate record citations. The "statement of facts" discusses two cases, neither of which is relevant to the juvenile court's ruling on appellant's section

3

388 petition. And more fundamentally, "an appellant 'must,' in the opening brief, '[p]rovide a summary of the significant facts limited to matters in the record.' " (*In re S.C.* (2006) 138 Cal.App.4th 396, 402.) The "argument" contains many numbered subsections with no headings. The appellant's brief " 'must' '[s]tate each point under a separate heading or subheading summarizing the point. . . .' [Citations.]" (*Id.*, at p. 408.) A number of the arguments lack record citations. And those that do cite to a portion of the record that is inconsistent with or irrelevant to the arguments. And while appellant mentions the abuse of discretion standard of review, he does not argue its application or demonstrate error on the part of the juvenile court. Finally, appellant includes a section entitled, "there was no supporting evidence of [section] 300 allegations." We do not review this issue, though, because jurisdiction is not before us on this appeal from the denial of a section 388 petition.

In sum, appellant's brief does not comport with the requirements in California Rules of Court, rules 8.204(a)(1)(B), (C) and 8.412(a)(2), and appellant has not met his burden of demonstrating reversible error through reasoned, intelligible argument challenging what is properly at issue in this appeal. His claims are therefore forfeited.

4

DISPOSITION

The juvenile court's order denying appellant's petition for modification of his prior no-contact order is affirmed.

/s/
MESIWALA, J.

We concur:

/s/
HULL, Acting P. J.

/s/
DUARTE, J.